

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI

**FILED**

NOV 1 4 2017

DAVID CREWS, CLERK
BY _____
Deputy

_Andrew Clinton Cruse Jr._
**Plaintiff**

v.

CASE NO. _4:17CV162-DMB-DAS_

_Ms. Dept. of Corrections, Et Al_
**Defendant**

### PRISONER'S COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT

1.  The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate identification number, the Plaintiff's mailing address, and the Plaintiff's place of confinement are as follows:

    A. Legal name: _Andrew Clinton Cruse Jr._

    B. Name under which sentenced: _Same_

    C. Inmate identification number: _64876_

    D. Plaintiff's mailing address (street or post office box number, city, state, ZIP): _M.S.P. Unit 30-A_
    _B-Zone Bed 140_

    E. Place of confinement: _Parchman, Ms. 38738_

2.  Plaintiff names the following person(s) as the Defendant(s) in this civil action:

    Name: _Ms. Dept. of Corrections_

    Title (Superintendent, Sheriff, etc.): _See Additional Page_

    Defendant's mailing address (street or post office box number, city, state, ZIP): _Contd Attached Sheet_

DEFENDANTS ADDRESSES OF RECORD    Cont'd PAGE 1

1.) Commissioner Pelicia Hall
   deputy Commissioner Jerry Williams
     CAN be REACHED AT 633 North State Street
   Jackson, Ms 39202 or Post Office Box 1057
   Parchman, Ms. 38738

2.) All other DEFENDANTS CAN be REACHED AT:
   Mississippi State Penitentiary Admin. Building
   Post Office Box 850
   Parchman, Ms. 38738

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                                    PAGE 2

Name: _*See Attached Sheet*_

Title (Superintendent, Sheriff, etc.): _____

Defendant's mailing address (street or
post office box number, city, state, ZIP) _____
_____

Name: _____

Title (Superintendent, Sheriff, etc.): _____

Defendant's mailing address (street or
post office box number, city, state, ZIP) _____
_____

Name: _____

Title (Superintendent, Sheriff, etc.): _____

Defendant's mailing address (street or
post office box number, city, state, ZIP) _____
_____

(If additional Defendants are named, provide on separate sheets of paper the complete name, title, and address information for each. Clearly label each additional sheet as being a continuation of Question 2).

3.  Have you commenced other lawsuits in any other court, state or federal, dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relating to your imprisonment?    ☒ Yes    ☐ No

4.  If you checked "Yes" in Question 3, describe each lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuit(s) on separate sheets of paper; clearly label each additional sheet as being a continuation of Question 4.

    A. Parties to the lawsuit:

    Plaintiff(s): _Andrew C. Cruse Jr._

    Defendant(s): _Melvan Brisolara, Et al_

    B. Court: _Southern District_          C. Docket No.: _2015-CV-172_

    D. Judge's Name: _Robert Walker_          E. Date suit filed: _2015_

    F. Date decided: _dont Remember_    G. Result (affirmed, reversed, etc.): _dismissed_

5.  Is there a prisoner grievance procedure or system in the place of your confinement?    ☒ Yes    ☐ No

6.  If "Yes," did you present to the grievance system the same facts and issues you allege in this complaint? (See question 9, below).    ☒ Yes    ☐ No

7.  If you checked "Yes" in Question 6, answer the following questions:

Cont'd Page 2

## Party's (Defendants)

- 1.) Mississippi Dept. Of Corrections
- 2.) Warden Timothy Morris
- 3.) Deputy Warden Verlena Flagg
- 4.) Commissoner Pelicia Hall
- 5.) deputy Commissoner Jerry Williams
- 6.) Centurion of Mississippi
- 7.) C.N.P. Angela Brown
- 8.) Willie Knighten - Health Services Administrator
- 9.) Nurse A_____ Goldin R.N.
- 10.) Dr. J_____ Santo's
- 11.) Case Manager Kyrstal Carter - Unit 29-F
- 12.) Case Manager Carolyn Orr - Unit 30-A
- 13.) Ass. Deputy Warden Marylen Sturdivant - Unit 30
- 14.) Lt. _____ Johnson (Black Female) - Unit 30
- 15.) Sgt. Mary Robinson - Unit 30
- 16. deputy Warden S. Santical - Unit 30
- 17. Aramark Food Services

A. Does the grievance system place a limit on the time within which a grievance must be presented?  ☒ Yes  ☐ No

B. If you answered "Yes," did you file or present your grievance within the time limit allowed?  ☒ Yes  ☐ No

C. The court must find that you exhausted the prison's grievance system and administrative remedies before it can consider this Complaint. State everything you did to present your grievance(s). Be specific. Include the date(s) on which you filed or presented your grievances to prison officers; identify the officer(s). State your claim(s) exactly.

Wrote grievances to Medical Administrator, U.S. Dept of Justice special litigation unit, Ms. Attorney General, 3 deputy Wardens of M.D.O.C., Nurse Angela Brown, Unit 29-F Lt. Hope wrote and talked with Case Managers. As well as A.R.P.'s to Mr. Richard Pennington Legal Claims Adjudicater (I.L.A.P) Director

D. State specifically what official response your grievance received. If the prison provides an administrative review of the decision on your grievance, state whether you applied for that review and what the result was.

~~They denied any existance and refused to do anything~~ Cond on Statement of Claims
did nothing but deny needed Medical Care and put my life in further danger of serious Bodily Injury.

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)        PAGE 4

---

> **Special Note:** Attach to this Complaint as exhibits complete copies of all requests you made for administrative relief through the grievance system, all responses to your requests or grievances, all administrative appeals you made, all responses to your appeals, and all receipts for documents that you have.

8.   If you checked "No" in Question 6, explain why you did not use the grievance procedures or system:

                         N/A

9.   Write below, as briefly as possible, the facts of your case. Describe how each Defendant is involved. Write the names of all other persons involved. Include dates and precise places of events. Do not give any legal argument or cite any legal authority. If you have more than one claim to present, number each claim in a separate paragraph. Attach additional pages only if necessary; label attached pages as being continuations of Question 9.

*SEE ATTACHED PAGES*

How DeFendants Violated Plaintiff's Rights

1) The Mississippi Dept. of Corrections Solely Employee's
All Physical DeFendants

2) Warden Timothy Morris, Deputy Warden Verlena Flagg,
Commissioner Pelica Hall, deputy Commissioner Jerry
Williams, Case Manager Kyrstal Carter and Carolyn
Orr, and Deputy Warden Marylen Sturdivant violated
Plaintiff's Rights by Allowing medical Prisoner(s)
to be House in Unsanitary, dirty, Unsafe Buildings, And
Refuse to Correct Employee's At An Administrative
level For the wrongs, breach of M.D.O.C. Policy's;
And illegal Activities many STAFF ARE Involved
in.

3) Deputy Warden S. Santical violated Plaintiff Constitutial
Right to be Free From Harm And Being Placed in
A Unit 30-A which is Known Plaintiff is white
And Black Gang Members called it a Hate thing
And all the white Prisoner All look like A Family
of Racoons And Knots And Brnies to be Allowed
For the Nurse's Here at the M.S.P. Unit 42
Hospital Unit at Pachman, Ms.; Warden Santical
Over Exceeds Her Athority to Act when she
Also Allows, And Co-Allows Movement oF
Black Members From Unit 30 As A Whole.

Cont'd. How deFendant's Violated Plaintiff's Rights:

4.) Lt. Johnson (Black Female) AND Sgt. Mary Robinson Both of M.S.P., Unit 30 – Whole Compound AssEss. AND Both Violation Plaintiff's Rights by Sgt. Mary Robinson told All Inmate in Zone with Plaintiff saying that Quote "You Probley in here (M.S.P.) For Fuckin ME Brother out In the World; And Lt. Johnson Assisted in the Constant Harrassment AND talking oF legal Work, 2 Legal letter's In Envelopes, A Canteen bought Spoon, Ceral Bowl AND 2 CoFFEE mugs sold on Canteen, Medication (HalF oF) AND EVEN State issue Clothes AND Violation the Federal AND State Prison Legal Rape ReForm Act of 2003. And Acting with very, Very Much Malice.

5.) Centurion oF Mississippi – The contrector For All Prisoners Medical Needs – AND Knowing Allow StaFF in Their Employeement – Hurt, Mistreat, AND Denie Proper Medical Treatment oF Plaintiff's treating oF His boint Joint desece AND the Need For A Special Physian AND Refusal oF Plaintiff's leFt Hip; Operation - And Allowing Mistreatment oF Plaintiff For 4 to 6 hr, just For Nurse call AND Am made to Set on A Hard Bench Knowing it cause pain AND Allow StaFF to let it go at will. And Employee A legally Blind Doctor to care For Plaintiff Special Medical Need that Can't see an X-Ray, Are Skin Rash.

(2)

Contd. How defendants' ^Violated Constitutional Right

6.) C.N.P.-Nurse Angela Brown violated Plaintiff Constitutional duty by changing plaintiff's medical care For she is Not In the Field of Orthopedic medican, are ever done a Hip Replacement and denial of Plaintiff Medical care when Plaintiff suffered the Syemtums of A mild stroke at Unit 29-F; And directing All Nurses And other Unit 42 Nurses to go Along with Her Misconduct For She Runs the Hospital Not Mr. Willie Knighten Health Services Administrator

7.) Mr. Willie Knighten; Nurse A Goblin R.N.; -took sides against Plaintiff and Allowing Proper medical treatment; denied Plaintiff A Medical Profile showing Chronic Care, Lay-in's because Plaintiff's Left Hip Joint is inFact Bone on Bone And is A serious Medical Need and the pain can cause a stroke, are a massive Fatal Heart Attack in which Plaintiff In imminent danger of serious Physical Injury are even cause death From Prolonged Periods of Pain.

8.) Dr. J. Santo's Violated Plaintiff's Rights For Allowing A Certified Nurse Practitioner to change a proven Medical Condition Plaintiff had been cared For by Orthopedic Speciallist before his being transferred to the Ms. State Penitary at Parchman, Ms. Doctor Santo's is legal Blind and cannot Read Plaintiff's X-Rays are even see skin Rashes on the

(3)

Cont'd. How Defendants Violated Plaintiff's Rights

Plaintiff's Neck, Stomach, and groin. He denies Plaintiff an appointment to get a much needed Cortisone Injection in Plaintiff's left hip to relieve Pain for Doctor Santo's <u>cannot</u> see to give the Injection Himself in which has to be guided with Use of an Ultra-Sound Machine to get the injection in the right area of the left hip-joint.

9.) Case Manager's Kyrstal Carter Unit-29-F violated Plaintiff's Constitutional Rights By Refusing to Have Plaintiff Transferred to a Medical Unit For she Knew that Plaintiff was Medically Handy-Capped and Building was Unsafe with mold, No Access For Handy-Cap Prisoner's and was infact a Physical Danger From Further Medical Injury's to Plaintiff due to Building Conditions and Gang Violance.

10.) Case Manager Carolyn Orr-Unit 30-A-Violated Plaintiff's Rights by Keeping him in transit in Unit 30-A, B-Zone Knowing Plaintiff was Housed in a Zone that Had a rain of Violance by Black Gang members And a dirty, Nasty Building that was a Safety Hazzard For Plaintiff Being a Medical Prisoner and that Plaintiff was Harrasened by Staff Members and the rain of drugs in the Building by Plaintiff and Failed to take any Kind of Action.

Cont'd How Defendants Violated Plaintiff's Rights.

11.) Aramark Food Services violated Plaintiff Constitutional Rights they are Employeed As a Private Contractor to Furnish all meals to Prisoner's, with complete wholesum Food that is Good Nutritus and good to Overall Health And It's Employee's Allow Prison Inmates to cut down the Size of Food Potion's and sell Food to other Prisoner's that was stolen from the Kitchen that would have infact Been Part of Plaintiffs diet such as Bacon, Chicken, Chicken Breast Patties, Ham, Biscuits, Bread, Coffee, Sugar, and milk as well as cutting all Potion Size's in Half an denied Plaintiff the Serving of his Medically Proscribed Cardic Diet with allergy's to Oatmeal, Bolona, Salami, and Hot Dogs in which Bolonia is Served 7 to 8 meals a week plus at Breakfast Meals 4 times a week. And Prisoner's are allowed to Change menus at will because of all the Stolen Food Items. Plaintiff is rarly given the trays within the menus Posted, 60 percent of the time the Food and Menus Do Not Match and Aramark Employees including the directer Condon this Practice.

(5)

## Statement of Claim

On March 7, 2017 I was Transferred to the M.D.O.C. R+C Unit at C.M.C.F. at P.O. Box 88550; Pearl, Ms. 39288-8550. I had existing Medical Disability's - C.O.P.D.; Congestive Heart Failure, High Blood Pressure and the need for a Full Hip Replacement of My left Hip - For I have Severe degenerative Joint disease of the left hip Joint. I was seen by Medical Staff Employeed By Centurion of Mississippi and denied my Much needed Cortisone Injection and most all my Medication were Change and Many were Change that Medical Specialist Placed me on like my Nexum (Stomac Pill) that was Changed to Prilosec For they New it was Cheaper and A Gusteoligus Named Nawon Baron M.D. I also Have the medical Condition Asthma, and hypertension and Neuropathy to both legs and Feet. And am a seviver of Non-Hodgkins lymphoma. The Prilosec enhance's the bone degeneration in my left Hip. I had Factual Medical Records From the Jail that Medical Said they would Not use; and I Signed Multiple Request For My Medical Records to be Released to the Mississippi Dept. of Corrections and on April 26, 2017 I was transferred to the Mississippi State Penitentary at Parchman, Ms. I was Placed in Unit 29-E Knowing I was a Medical Class Prisoner that Need a Full Hip Replacement. I was placed in a Building with Black mold, a leaking Roof and Placed on a top teir where I was forced to walk up and down on sleppery stairs where their is No-Handy-Cap Bathroom are shower. Their were 64 other prisoner's

(1)

## Contd. Statement of Claim

Their was one working toilet on each tier and one working Uirnal on each tier with both shower's slippery and Naked Electrial wire's Hanging out. It Rained my second day in Unit 29-E and the whole dayroom Floor Flooded From the leaking Roof. I Spoke with Unit 29-E CASEMANAGER Mrs. Hill and was told I Had A Medical Hold and could Not be transferred because of my Medical Class. On May 3, 2017 I was transferred Across the yard to Unit 29-F Building and the Condition of the Building was Just as Bad. I spoke with case MANAGER Kurstal Carter and told the same thing As case manager Hill that the Hospital Unit 42 at Parchman would Have to Release me so I Could transferr. Medical Nurse (C.N.P) Angela Brown told me I could Not be transferred For I was Sent to Parchman to Have A Hip Replacement. After many Attempts to get my Cortisone Injection I was given A shot For Pain by Another Nurse that made me run A Fever For 3 days, I Had A loss of Appitite and threw up most of What I Had eaton For three Days and Still denied my Cortisone Injection that I Had Been Receiving by Orthopedic Physicians and denied once I Entered M.D.O.C. For they claim to Not Employee A Orthopedic staff Physician At C.M.C.F. are Unit 42 at Parchman, but Infact send Prisoners to Orthopedic Physician's off site of Prison grounds.

(2)

## Contd. Statement of Claims

On July 20, 2017 Mr. Willie Knighten, Health Services Administrator for Centurion of Mississippi at the Ms. State Penitentary at Parchman, Ms. wrote me a letter saying I could be transferred to an M.D.O.C. Unit away from Parchman Ms. I then went to Case Manager Kyrstal Carter at Unit 29-F and ask to be moved and was told she was not requesting a transferr for me. While at Unit 29-F Ass. Warden Marylen Sturdivant, Warden Morris, Deputy Warden Verlena Flagg and Inspectors came in Unit 29-F and it failed many Health and Fire Code Violations; I ask Warden Flagg if she was a Warden and she denied the Fact Claiming to be just another M.D.O.C. Employee, for I was trying to bring the Fact out that the water in the Building we shower in and Food is cooked with at Unit 29 as a whole has rust, dirt, and an oily Film to it once settled in a Container, and I was infact a Chronic Care Medical Patient and the builing was making my Medical Conditions (C.O.P.D. + Retaining Fliud in my legs and Stomach) worse. I also Filed an A.R.P. on the unsanitary serving of Food in the gym and Unit 29 Buildings served and prepared by Prisoner's that are nasty and don't shower as well as Having Hep. C and being Allowed to serve Food in trays, Exhibit 3 is proof that Administrative Officals knew of the Problem as well as Employee's and Prisoner's Selling all State issue Food Items.

ConTd. Statement of Claims

At this time I was also treing to Place a Red Tag
For my Admidiate Safety From Nuese (CNP) Angela
Brown, and Transportation Office Sgt. J. Harris (Female) (Black)
After they Had me treatened by Unit 29 Prisoner's
After I Obsurvied Nurse Brown give Sgt. Harris
A Brown Paper Bag at Unit 42 (medical Hospital) that
Sgt. Harris gave to a Unit 30 Kitchen Worker that
Pulled out 2 Cell Phones and A (1) one pound Bag
of Mentol Tobacco, and Packs of Spice inwhich are
Both illegal Contreaband and a criminal Act to
introduce Contraband to A Penial Institution are
city Jail, County Jail are detention Center's. And
Nurse Brown Also denied my Operation and changed
My Medical Care. The Whole Medical Staff Sided
with Nurse Brown and I was later given Dr.
J. Santos who is infact legally Blind and cannot Read
X-Rays, are see skin Rashs and inwhich I Haue at
this time. Dr. J. Santos is around early 80's and haso
to Haue the Assitance of a Nurse to Walk Around
the M.D.O.C. Hospital Unit 42. The Nurse Does the work
and Not Qualified to Recite medical Findings of the
X-Rays. And I am denied Proper treatment by A
legally Blind Doctor that cannot see. On Aug. 4, 2017
I Had a Medical Emergency at Unit 29-F Building
I Past Out and was placed on my Bed By Prisoner's
Where a Couple Hours later when I could Not
Move my left Arm; I Beat on the Hall Door For Help.

(4)

Contd. Statement of Facts

I was then denied Medical Care All togeather.
Officer Mitchell called Medical and was told I
would be seen after Red and White Medical Call
even with the Fact I Had the symtums of A
light Stroke (I Have Congestive Heart Failure) and
was denied all medical treatment and laughed
at by Officer Mitchell, Case Manager K. Carter and
her girlfreind discinatary Lt. Terry of Unit 29. I
got on the Inmate Help line and Reported I Had
been Refused Medical Care and later on I Beleive
to be Sat, Aug. 5, 2017 I was Finally brought to Unit 42
to get Medical treatment and was Refused treatment
All togeater for the Medical Emergency and saw
for a Sick Call date Aug. 3, 2017 Before the Medical
Emergency happened. I was denied an E.K.G. one of
the First Medical test that would Have Been done
by a Confident Medical Staff member; placing me
in danger of Having a Repeated Stroke in which
I believe I Had. Officer Mitchell Had been moved to
29-F Building After she let a Prisoner in Her care die
in another Building After she Refused to call For
Medical Help and All M.D.O.C. Warden's at the M.S.P.
New of this issue of Her Repeated Act's of Not
Getting Medical Care for Prisoner's in Her Care.
     On Tuesday Aug. 8, 2017 I was transferred to Unit
30-A and Placed in Transit until I was moved to
another Unit As I was told by the Counseler Mr. Ross

(5)

## Contd. Statement of Claim

I was placed in Unit 30-A that the showers Had been stopped up and flooding for 2 weeks before my arrival and Placed in the care of a very close freind of Nurse Brown; Lt. Edwards that also works most days also at Parchman's Unit 42 Hospital Clenic. The second day I was at Unit 30-A a Hole was cut in the floor some 80 inch long and up to 48 inches wide by 36 in. Deep. left until late the next day unguarded making the whole B-Zone smeel of Sewage gas for the drain was lose. The Zone that im Housed at Unit 30-A B-Zone that has a missing toliet and a missing Urenal that are uncapped and keep this zone smelling of Raw Sewage effecting my Asthma; and C.O.P.D. It gives me Headaches from the smell and shortness of Breath many times a day. I am Housed in a Unit that Has gang Banging (fights) every Night just About to the point all Nurse's Witness all White Prisoners looking like Coons; from the Black eyes, cracked Hands, Bruised and cracked Rib's, as well as a prisoner with a Broke Collarbone from fighting over drug dept's here in the Zone. I asked Nurse Goldin at the Unit 42 Hospital for Help getting moved for the fear of My own safety and was told she would help and I was never moved. I witnessed the Maint. Employee talk to Lt. Edwards in the Hall while his worker deleivered some 3000 dollars worth of Tobacco (lose) Cart's Cigs., Spice, Cigars, pot and ICE (meth) and then I started being Harrasened by Sgt. Mary

(6)

Contd. Statement of Claim

Robinson and Lt. (Female) Johnson of Unit 30-A After I wrote the Mississippi Attorney Generals Office to report the crimes and plead for My Safety for I am starting to fear for My life, I was verbally Sexually Assaulted by Sgt. Robinson in the Presents of Lt. Johnson who cheered Her Officer on After a Shakedown on Sept. 8, 2017. Where they took my Canteen Bought Spoon 2 Coffee mug and Bowl as well as State issue Cloth's and some of My Medication. I again called the Prisoner Hot line and on are about Sunday Sept. 10, 2017 I was confined on the Floor without Cover, seats are a matress for calling the Hotline and placed in segregation in the Administration Holding Cell for calling the Hotline by Lt. Johnson. Later that Night a Capt. Called the Ass. deputy Warden of Unit 30 about sending me Back to the Building for they were unaware of My Medical Condition and I was Cohearst into signing a Statement. The Being on the cold Hard Floor made my left hip hurt me very Badly being confined over 4 hours in a small Room without a toliet, are any type Furnishings with dried Blood all over the windows. The Ass. deputy Warden at Unit 30 talked to me on Monday Sept. 11, 2017 and told me they knew of All the Fighting and illegal Activites between the Prisoners at Unit 30-A A+D Program and were not going to Respond to any type of Assistence even with my life in danger.

(7)

Cont'd, Statement of Claim

On Wensday Sept. 13, 2017 the K-9 Officers Shuck down and a Female K-9 Officer Freisk me down Touching me testicle's and Penis in an inappropreiate way. Also Nurse Goldin Refused me a Bottom Rack Profile, as well as a Medical lay-in because of my left hip and Asthma giving me trouble as well as losing 10 pounds of Body weight in 7 days. On Sept. 8, 2017 my weight was 195 and on Sept. 15, 2017 my Body weight was 185. I was Denied a Medical diet Because of my Stomach Condition and Having No teeth in the top are bottem of my mouth and having to Swallow my food in Big Pieces For I cant Chew it and I had a Special Diet tray Ordered in late Aug. For I am Refused it by the Kitchen staff For I also have Allergy's to Oatmeal, Bolona, Salima, and Hotdogs and the Kitchen has only served me 2 Medical Diets trays as of Sept. 17, 2017 and the Kitchen staff From Aramark Refuse's to Correct this and keeps sending me trays that I cannot eat Because of my Allergic Reaction. The Defendants are Putting the Plaintiff in imminent danger of Serious physical Injury and Further Medical Injury due to Purpose Full action against Plaintiff and Some of the Defendants Actions can infact later Cause Death.

(8)

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                                          PAGE 5

10.    State briefly exactly what you want the court to do for you. Do not make legal arguments. Do
       not cite legal authority.

*SEE Attached Pages*

This Complaint was executed at (location): *Unit 30-A B-Zone Bed 140 Ms. 38738 PARCHMAN*

and I declare or certify or verify or state under penalty of perjury that this Complaint is true and correct.

Date: *10-3-17*                                     *Andrew C. Cruse Jr.*
                                                    Plaintiff's Signature

## Relief Requested

I would ask Relief on the following grounds

1. Freight and shock
2. Denial of Medical Care
3. Verbal Sexual Assault
4. Reckless disregard for Safety
5. PurposeFull Violation of the Prison Rape Elimination Act of 2003   By M.D.O.C. Staff Member
6. Mental Anguish
7. Physical Pain
8. Embarrassment, humiliation, or Mortification
9. Violating Plaintiff's Equal Protection Rights
10. Cruel and Unusal Punishment - Eight Amend. Right
11. Reckless disregard to A Serious Medical Need
12. Being Housed in a Non-Handy-Cap Buildings Deliberatly with unsanitary Conditions.
13. Administretive Negligence
    Intentional Infliction of Emotional Distress
14. Imminent danger of Serious Physical Injury

Plaintiff seeks 500 thousand dollar for Each of the listed damages; This would bring a total of (7) seven million dollars in Damages. Plaintiff would Also show 9 Exhibit in support Showing Challenging Facts in this Cause

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)                    PAGE 7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

*Northern* _____ **Division**

**AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS**

1.  I swear or affirm under penalty of perjury as follows:

    A. Because of my poverty, I cannot prepay or give security for the filing fees and costs for my complaint or appeal.

    B. I believe I am entitled to legal redress.

    C. I swear or affirm under penalty of perjury that my answers and responses on this Motion and Affidavit are true and correct. (28 USC § 1746; 18 USC § 1621).

*Andrew C. Cross, Jr.* _____

**Movant's Signature**

2.  My full name and mailing address are as follows:

    Name: _____

    Address: *Unit 30-A B-Zone Bed 140*

    *Parchman, Ms. 38738*

    Tel. No. *NONE* _____  Date of Birth: *10-10-60*

3.  Are you presently employed?  ☐ Yes  ☒ No

    a.  If you checked "Yes," state the amount of your salary, wages, or other compensation per month and give the name and address of your employer. *N/A*

    b.  If you checked "No," state the date of your last employment and the amount of the salary, wages, or other compensation you received per month. *Jan. 2015*

4.  Have you received with the past 12 months any money from any of the following sources:

    a.  Business, profession, or form of self-employment?  ☐ Yes  ☒ No

ND MISS. FORM P3, COMPLAINT CHALLENGING CONDITIONS OF CONFINEMENT (4/00)　　　　PAGE 8

| | | | | |
|---|---|---|---|---|
| b. | Rent payments, interest, or dividends? | ☐ Yes | ☒ No | |
| c. | Pensions, annuities, or life insurance payments? | ☐ Yes | ☒ No | |
| d. | Gifts or inheritances? | ☐ Yes | ☒ No | |
| e. | Any other source? | ☐ Yes | ☒ No | |

If the answer to any of the above is "Yes," describe each source of money and state the amount you received from each during the past 12 months:

_____ ~/p _____

_____

5. Do you own any cash, or do you have any money in a checking or a savings account, including any funds in prison accounts?　☐ Yes　☒ No

If your answer "Yes," state the total value of the items owned:　$ 0

6. Do you own real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?　☐ Yes　☒ No

If your answer "Yes," describe the property and state its approximate value:　$ 0

7. List the persons who rely on you for support.

| Name | Relationship & Age | Amount you contribute to this person's support |
|---|---|---|
| Andrew C. Cruse Jr. | SELF | $ -0- |
| | | $ |
| | | $ |

I declare or certify or verify or state under penalty of perjury that the foregoing is true and correct. (28 USC § 1746; 18 USC § 1621).

Date: 10-3-17

_Andrew C. Cruse Jr._
**Movant's Signature**

In The United States District Court
For the Northern District of Mississippi


Andrew C. Cruse Jr.

Versus                          Civil Action No.——————

Ms. Dept. of Corrections, Et al


Memorandum in Support of Civil Action


Comes Now, Andrew C. Cruse Jr, Pro-se, Plaintiff in
the Above Entitled and Numbered Civil Action and
offers his Memorandum in Support of Civil Action
with Exhibits and Offers the Following in support
of towit:

I

Plaintiff Submits 15 Exhibits supporting his claims
in the Above Civil Action; Back dating Grevience's to
May 17, 2017 in support of with Exhibit No. 5 being A
Record From Memorial Orthopedic Physician Clinic that
shows part of Plaintiffs Medical treatment would
infact be a Full Replacement of Plaintiffs Left
hip Joint and the seriousness of Plaintiffs Condition
being bone on bone to the left hip that cause's the
Plaintiff Sever Pain.

II

Plaintiff shows that the defendants denied the
operation on Plaintiffs left hip and withheld any and
all post-Operative treatment or Evaluation due to
their "deliberate indifference to (his) serious Medical

(1)

Needs," Estelle, supra, 429 U.S. at 104, 97 S.Ct. at 291, the defendants will be liable for damages for violating his Eight Amendment Rights.

## III

The plaintiff would show, while allowing suits which ... seek personal money judgements against state officials as damages for unconstitutional deprivations...

"The fact that the allegedly unconstitutional acts of the defendants were done in the defendants' official capacities, and that the relief sought would require official action on the part of those defendants who are still members or employee's of the Mississippi Dept. of Corrections, does not affect the district Court's Jurisdiction."

## IV

A state is under a duty to provide adequate medical care to those it is punishing by incarceration, and, although the constitutional standard for adequate medical treatment has not been fully developed, Neisser, Is their a Doctor in the Joint? The Search For Constitutional Standards For Prison Health Care, 63 Va. L. Rev. 921, 950 (1977), the Supreme Court has stated that "deliberate indifference to serious medical needs of prisoner's" violates the Eight Amendment proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103-04, 97 S.Ct. 285, 291, 50 L.Ed. 2d 251 (1976)

## V

Plaintiff Would Show The Eighth Amendments prohibition of Cruel and unusual punishment Applies to the States pursuant to the Fourteenth Amendment. Robinson V. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 2d 758 (1962).

## VI

Plaintiff would Show the Mississippi Department of Correction should HAVE INSURANCE COVERAGE to insure ANY type of Risk to which the State MAY be EXPOSED, SOVEREIGN immunity is presumptively waived AND the burden is on the STATE to Prove that there is NO COVERAGE AND to explain why their is NO COVERAGE. Pajewski V. Perry, 363 A.2d 429, 436 (Del. 1976)

## VII

Plaintiff would Show The right of A Prison inmate to REASONABLE ACCESS to the Courts For his grievances ARISES out of the Fifth Amendment, Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); Johnson V. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed. 2d 718 (1969); Younger V. Gilmore, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed. 2d 142 (1971).

## VIII

Plaintiff Contends that C.N.P.; Nurse Angela Brown and Dr. J. Santo's treatment, or mistreatment, of him demonstrated the deliberate indifference to (his) "SERIOUS medical Needs" that will Support A SECTION 1983 CAUSE of Action. See Estelle V. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291-92, 50 L.Ed. 2d 251 (1976).

(3)

## IX

Plaintiff would show that in West v. Keve, 571 F.2d 158, 161 (3rd Cir. 1978) in the test of Estelle V. Gamble - "It requires deliberate indifference on the part of prison officials and it requires the prisoners medical needs to be serious." And Plaintiff has adduced the facts that suggest deliberate indifference, Prison Medical personnel must be afforded at least the same latitude in diagnosing" and treating injuries and illnesses that is afforded doctors in the community See Inmates of Allegheny County V. Pierce, 612 F.2d 754, 762 (3d. Cir 1979). And Plaintiff would Further Show that He Had a Rash For over 6 months on his Neck that moved to his Ears and Got into his Eye's and Dried His Eye's out and Had to Have his Eye's treated by an Eye Doctor and Plaintiff Still has this Rash in his Ears, Neck and Head without getting Proper treatment and Not Even Knowing What caused this Rash, Plaintiff Has over 10 documented Sick calls to Document this second Breach of serious Medical Care that could infact Perminiatly Blinded Plaintiff and Plaintiff will Show over 15 Sick calls Relating to both the rash and Plaintiffs legs and left Hip and left leg Even Effecting Plaintiffs left ankle and Foot.

Respectfully Submitted

Andrew C. Cruse Jr. #64876

Pro-SE Plaintiff

On this 3rd day of Oct. 2017 A.D.

(4)

Exhibit (1).

To: Centurion of Mississippi                    June 27, 2017
Mississippi State Penitentiary
Hospital Unit 42
At: Mr. Willie Knighten, Health Services Administrator
Parchman, Ms. 38738

RE: Denial of Medical Care by C.N.P. Angela Brown
Deliberately Falsefying Medical Record and Obstruction
of Needed Medical Care with deliberate Indifference
to a Serious Medical Need and purposeful Malpractice

Mr. Knighten,
First I Have (3) three Freeworld Medical Doctors
that Or Orthopedic Physicans Speciallist and (1) one Certified
Nurse practioner that say your C.N.P. Angela Brown
Has not the Knowledge to treat a person (Me in General)
who need Orthopedic Surgery. These Doctors Infact treated
me For my Desease that I Had before coming to M.D.O.C,
And being sent to Parchman, Ms. Unit 42 For Medical
Care when no such Surgery is infact Not even done at Unit 42.
I Have been Taken off my Much Needed Breathing treatments.
Nurse Brown looked me streaight In the Face And lied to
me Claiming she was setting Me up with a Doctor's Appointment
And A Cat-Scan For a Record of the Damage to my Hip.
She Never set Anything up Even when I showed her
A Medical Record of My Care at Memorial Orthopedic Physician
Clinic Dated 4/21/2016 at 12:01 CDT, she said could Not be placed
in my Medical Records here at M.D.O.C. I gave her the
Address's and she Claimed she was Ordering them. My
Diagnosis From 3 of the top 10 Orthopedic Physician show
that I have Severe D.J.D. And Even your own X-Ray
tech² has saw this. After around 5 Weeks of writing A.R.P.'s
I was brought to Unit 42 And Had an X-Ray Taken and
Received A shot in My Upper Left-Hip that put me to
Passing out cold Sweats, Headaches, And tiredness From the
Wrong shot being give by Another Nurse and this shot
did No good. I Am, usually given A Cortisone injection with 40mg
Kenatag / Marcaine / Xylocaine Inwhich I Am told by Medical
staff Has to be given by Another off Site Medical Provider

(1)

AND iF Nurse's like C.N.P. A. BROWN were Qulified to give this treatment their would not be A NEED For your company to Employe An Outside Provider. Nurse A. BROWN does Not Know what she is doing For I HAVE HAd my Medical Condition For Years Nurse Brown Has done Nothing to Help my care only to cause the pain to be worse And Myself to retain Fluid because of Her Attitude that she Knows it All And All Other Medical Doctors Are dumb And don't Know what they Are doing. I Request the immediate Removal From Parchman And transferr to Unit 720 At C.M.C.F. Are An other Facility where Nurse A. BROWN cannot Interfere with My Medical treatment, I am retaining Fluid At A Dangous level And am Housed in A Contaminated Unit with Black Mold At All Unit 29 Buildings And the Medical Dept. is well AwARE oF this Fact. IF You will inFact REVEiw the M.D.O.C. Medical Dept. NotiFication oF Dingnostic Test Results Nurse Angela Brown Clearly does Not Know what is going on with my Medical Care Based on Her Own Evaluation I Had No Fracture see she wasn't looking For A Fractor, By her own statement she deliberately denied me proper Medical Care And I Have Had A Walking Cane Ordered 3 diFFerant times And Nurse Brown seems to see that I Never get them. Nurse Angela BROWN is A danger to my health And Welfare. My Family will be NotiFing the Justice Dept, as well as the MS. Attorney General For A Full Criminal Investigation For Its Against the law to cause A person physical Pain And take A chance on Killing them threw Neglegence And Medical Neglect. A Civil Action will probley be Filed in this Matter As well as the U.S. Justice Dept. And Attorney General Will be getting A Handwritten Copy of this Greivence.

Respectfully Yours,
Andrew C. Cruse Jr.

Andrew C. Cruse Jr. #64876
M.S.P.   Unit 29-F
B-Zone   Bed 65
Parchman, Ms. 38738

(2)

*Exibit (2)*



MISSISSIPPI STATE PENITENTIARY

Willie Knighten, Health Services Administrator

Date:  June 13, 2017

TO:    Mr. Andrew Cruse #64876

       U29F

RE:    Request to be seen

Mr. Cruse,

I have requested an appointment for you.



*Exhibit (3)*



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
Pelicia Hall
COMMISSIONER

Earnest Lee, Superintendent
Mississippi State Penitentiary

Post Office Box 1057
Parchman, Mississippi 38738
(662)745-6611

**June 27, 2017**

Andrew Cruse #64876
Unit 29, Bldg. F Zone-B, Bed 0065
Parchman, MS  38738

**RE:  Response to your Correspondence**

Offender Cruse, Warden Morris asked that I respond to your letter you forwarded to Commissioner Pelicia Hall's office regarding your complaints concerning the amount of food being served.

Offender Cruse, as you are aware the kitchen was closed at unit 29 for remodeling in July, 2016. According to Mr. Davis, Food Director, the Gym was utilized for serving of the food after being approved by the Inspector from the Health Department.  When the kitchen was closed Aramark was forced to change the menu to serve sandwiches once a day, with that being said the new kitchen was approved and is now open at Unit 29.

The food is being prepared at the kitchen and the menu has been changed taking the sandwiches off of most days.  Occasionally Aramark will serve sandwiches but for the most part you should be receiving hot meals three times per day.  Aramark will change the trays from being Styrofoam trays to the insulated trays.  Mr. Davis, Food Director have addressed the portion sizes including the cookies with Aramark and this should change as well.  Staff is monitoring these allegations closely and will make the necessary changes if needed.

I trust that this satisfied your concerns.  If you have any other concerns please address them with your assigned case manager.

Sincerely,

*Verlena Flagg*

Verlena Flagg
Deputy Warden/ Area I

Cc:  Warden Timothy Morris
        File

HAND WRITTEN
COPY

Exhibit (4)

# INMATE REQUEST FORM

## FOR

## CASE MANAGER SERVICES

INMATE NAME _Andrew C. Cruse Jr._

MDOC # _64876_

DATE:
_June, 23, 2017_

FACILITY
_M.S.P._

UNIT _29-F B-Zone Bed 65_

WORK SUPERVISOR NAME _____

UNIT SECURITY SIGNATURE _____

CASE MANAGER REQUESTED _Carter_

PURPOSE OF REQUEST _Need Indigent Postcard and Medical Transfere to Unit 720 at C.M.C.F. Nurse M. Brown said Case managers are lieing about my transfere for Im not getting any operation as stated in my file. I want a transfere without having to take this matter to unnecessary levels._

RECEIVED BY DATE: _____

RECEIVED BY (CASE MANAGER) _____

22-10-01-F3
Revision 03/01/04

*Exhibit (5) 1*

# Memorial
## Physician Clinics

**Memorial Orthopedic Physician Clinic**
2781 C.T. Switzer Drive, Suite 402
Biloxi, Mississippi 39531
(228)388-0949 (office)
(228)575-2636 (office)
(228)385-1595 (fax)

Arthur Black, MD      Judith Smith, MD      **Dudley Burwell, MD**

Kelly Cowan, FNP-C      Brian Caswell, NP      **Mary Beth Symmes, CFNP**

     Matthew Sarb, DO      Tricia Putnam, FNP-C

---

### Work/School Release

Date: **4/21/16**

To whom it may concern:

*Andrew Cruse* ___ DOB ___ was seen in my office on **4/21/16**

Diagnosis: *Severe DJD (L) hip, (L) GT bursitis*

~~Patient is out of work/school starting:~~ ___

~~Patient can return to work/school as of:~~ ___

~~Upon return to work/school, level of activity should be:~~

- ~~Normal Duty~~
- ~~Restrictions/Light duty (see below)~~

Comments: *Mr. Cruse was given a cortisone inj. with 40mg Kenalog/Marcaine/Xylocaine. X-ray revealed severe DJD (L) hip. A THA (total hip arthroplasty) was rec. Please eval for a THA and call office to schedule if approved.*

Physician Signature: *Mary Beth Symmes, CFNP*

*↑ Ibuprofen to 800mg bid-tid    MBS*
*and D/C Celebrex. ✓*

**Cruse/CMA/000438**

*Exhibit 5 (2)*

12288674763          4/2   2016 12:03:16 PM   PAGE   3  04   Fax Server

**Memorial**
www.gulfportmemorial.com

**Memorial Orthopaedic Surgeons Biloxi**
2781 C. T. Switzer Dr
Suite 402
Biloxi, MS 39531-

| | | | |
|---|---|---|---|
| Patient: | Cruse Jr, Andrew Clinton | | |
| DOB/Age/Sex: | 55 years | Male | |
| MRN: | 0000416275 | | |
| FIN: | 2001625186 | | |
| Location: | OrthoSurgBiloxi; 09 Exam | | |

| | |
|---|---|
| Admit: | 4/21/2016 |
| Disch: | |
| Admitting: | Symmes,Mary NP |
| Attending: | Symmes,Mary NP |

---

### Office/Clinic Notes

Document Type:            Office/Clinic Note-Physician
Service Date/Time:        4/21/2016 10:22 CDT
Result Status:            Auth (Verified)
Perform Information:      Symmes,Mary NP (4/21/2016 11:02 CDT)
Sign Information:         Symmes,Mary NP (4/21/2016 11:02 CDT)

**Chief Complaint**
Left leg/back pain x months, with no injury he is having burning sensation and swelling down leg to ankle.

**History of Present Illness**
Mr. Cruse is a 55-year-old male who comes in today with chief complaint of left leg pain and hip pain. He does report he has a burning sensation into his left leg that goes from his thigh at his knee and occasionally to his left ankle. He is accompanied by a police officer from the Harrison County jail as he is an inmate. He denies any injury. He states that he has been taking some Zanaflex with no help. He does report occasional swelling into his ankles. He also has taken 600 mg of ibuprofen as well as Celebrex with minimal relief.

**Review of Systems**
Review of Systems
Constitutional: No fever, + chills.
Respiratory: No shortness of breath, No cough, No wheezing.
Cardiovascular: No chest pain, No palpitations.
Gastrointestinal: + nausea, No vomiting, No diarrhea, + heartburn.
Genitourinary: No dysuria, No urinary frequency, No urinary urgency.
Musculoskeletal: + joint pain, + muscle pain.

**Physical Exam**
   **Vitals & Measurements**
HT: 168 cm  HT: 168 cm  WT: 89.2 kg  WT: 89.2 kg  BMI: 31.6
Physical Exam:
General: Normal
HEENT: Normocephalic, atraumatic
Neck: Supple, No JVD
Neurological: No focal deficits noted
Musculoskeletal: No peripheral edema
Extremities: Patient ambulates unassisted. Left hip: Moderate tenderness to palpation to the left greater trochanteric bursa. Range of motion to the left hip with 0° of internal rotation, less than 10° of external rotation, and approximately 95° of forward flexion. Range of motion reproduces pain into the groin and into the anterior thigh and knee. 1+ edema to the left lower extremity. Motor and sensory is intact distally.

**Metric Conversions**
Conversion Kg to Pounds: 196.65 (04/21/16 09:56:49)

**Problem List/Past Medical History**
Ongoing
   Chronic hepatitis C
   COPD
   History of drug abuse
   HTN (hypertension)
   Increased appetite
   Non Hodgkin's lymphoma
   Noncompliance
Historical
   No qualifying data

**Procedure/Surgical History**
Ems (03/03/2016)
ESOPHAGEAL MOTILITY STUDY
   W/INTERP&RPT (03/03/2016)
GASTROESOPHAG REFLX TEST
   W/INTRLUML IMPED ELTRD
   (03/03/2016)
Reflux Impedance Study (03/03/2016)
Colonoscopy (02/23/2016)
DIAGNOSTIC COLONOSCOPY
   (02/23/2016)
EGD TRANSORAL BIOPSY
   SINGLE/MULTIPLE (02/23/2016)
EGD With Bx (02/23/2016)
Biopsy
GSW (gunshot wound).

**Medications**
Home
   lisinopril-hydrochlorothiazide 20 mg-12.5
      mg oral tablet, 1 tab, Oral, BID
   omeprazole, 20 mg, Oral, BID
   tIZANidine 4 mg oral capsule, 4 mg, 1
      cap, Oral, TID
   Tylenol, 500 mg, Oral, BID
   Ventolin HFA, 2 puff, Inhale, q4h, PRN

---

Report Request ID:   19691525
Copy To:          Overall, Rena L

Print Date/Time:   4/21/2016 12:01 CDT

Cruse/CMA/000439

*Exhibit 5 (3)*

### Memorial Orthopaedic Surgeons Biloxi

Patient Name: **Cruse Jr, Andrew Clinton**
DOB:

FIN: 2001625186
MRN: 0000416275

---

### Office/Clinic Notes

Conversion cm to Inches: 66.14 (04/21/16 09:56:49)

**Assessment/Plan/Goals**
Greater trochanteric bursitis of left hip

Left hip pain
Ordered:
XR Hip Complete Left (Routine), 04/21/16 10:09:13 CDT, Routine, Stop date 04/21/16
10:09:13 CDT, Reason: Pain in joint, hip, pelvis or thigh, Transport Mode: Wheelchair, Left
hip pain, 89.2 kg

Primary osteoarthritis of left hip
Recommendations: At this time I did recommend a cortisone injection into the hip bursa
for pain relief. I did advise him the results of his x-ray and discussed treatment options
which would include a total hip arthroplasty. These recommendations were documented
and given to patient and the officer to return to the Harrison County jail. I also
recommended to increase the ibuprofen to 800 mg 1 twice a day to 3 times a day. A
prescription was written and given to the officer accompanied with him. He will return to
the clinic as needed.

Zantac 150 oral tablet, 150 mg, 1 tab,
Oral, HS, 3 refills

**Allergies**
penicillin

**Social History**
Alcohol
    Past, Beer, 3-5 times per week
Substance Abuse
    Current, Cocaine, Marijuana, Daily, IV
    drug use: No.
Tobacco
    Former smoker

**Family History**
COPD: Father.
Cardiovascular disease.: Father.
Diabetes mellitus: Father.
Hypertension: Father.
Unknown: Mother.

**Diagnostic Results**
X-ray AP and lateral left hip:
Reveal an adult with severe degenerative joint
disease of the left hip joint. Large inferior
osteophyte noted. Bone-on-bone contact to
the superior joint.

Electronically Signed on 04/21/2016 11:02 AM CDT

Symmes, Mary NP

---

Document Type:
Service Date/Time:
Result Status:
Perform Information:
Sign Information:

Ambulatory Clinical Summary
4/21/2016 11:02 CDT
Auth (Verified)
Symmes,Mary NP (4/21/2016 11:02 CDT)

*** The external document entitled Visit Summary is not supported. ***



---

Cruse/CMA/000440

*Exhibit 5(4)*

**Medications not sent electronically**

acetaminophen (Tylenol) 500 mg, Oral, 2 times a day, Refills: 0

albuterol (Ventolin HFA) 2 puff, Inhalation, every 4 hours, As Needed, as needed for wheezing, Refills: 0

ibuprofen (ibuprofen 600 mg oral tablet) 1 tab, Oral, 2 times a day, Refills: 0

lisinopril-hydrochlorothiazide (lisinopril-hydrochlorothiazide 20 mg-12.5 mg oral tablet) 1 tab, Oral, 2 times a day, Refills: 0

omeprazole 20 mg, Oral, 2 times a day, Refills: 0

tiZANidine (tiZANidine 4 mg oral capsule) 1 cap, Oral, 3 times a day, Refills: 0


**Final Medication List:**

acetaminophen (Tylenol) 500 mg, Oral, 2 times a day, Refills: 0

albuterol (Ventolin HFA) 2 puff, Inhalation, every 4 hours, As Needed, as needed for wheezing, Refills: 0 *Took OFF*

ibuprofen (ibuprofen 600 mg oral tablet) 1 tab, Oral, 2 times a day, Refills: 0

lisinopril-hydrochlorothiazide (lisinopril-hydrochlorothiazide 20 mg-12.5 mg oral tablet) 1 tab, Oral, 2 times a day, Refills: 0

omeprazole 20 mg, Oral, 2 times a day, Refills: 0 *Generic For Prilosec*

tiZANidine (tiZANidine 4 mg oral capsule) 1 cap, Oral, 3 times a day, Refills: 0 *— Took OFF*

*Also was Changed From Prilosec to Nexum And put Back on the Prilosec by M.D.O.C. Nurse Practioner Because its Cheaper.*

Comment:

Cruse/CMA/000274

Mississippi Department of Corrections *Exhibit 6*

# Medical Service Request Form

**Section 1. To be completed by the inmate**

**Type of Request (mark with "x")**

| | Date & Time Stamp-Received by Medical |

__X__ **Medical** _____ **Dental** _____ **Psych** _____ **Medication Refill**

Inmate Name *Andrew C. Cruse Jr.* MDOC Number *64876*

Date *June 10, 2017* Location (Facility, Bldg, Zone) *29-F B-Zone Bed 65*

Service Requested: (To better serve you, please be as specific as possible)
*Need My Cortizone Injection in My left Hip that I Have Been*
*denied seince My Arrival at Unit 29 on April 26, 2017*

I understand a Co-Pay will be applied, as noted in *Andrew C. Cruse Jr.* *64876*
the Inmate Handbook and MDOC policy. My refusing **Inmate Signature** **MDOC Number**
to be seen for a scheduled visit will result in an RVR.

**Section 3. Co-Pay (Mark appropriate box with X)**

☐ Sick Call Charge (Inmate initiated non-emergency visit for Medical, Dental, or Mental Health $6.00)

☐ No show for Sick Call Visit ($6.00)
☐ No show for Chronic Care Clinic ($6.00)
☐ No show for On-Site Specialists Visit ($10.00)
☐ No show for Off Site Visit ($10.00)

☑ No Charge - Reason for no charge _____

_____ _____ _____ *6/11/17*
**Inmate or Witness Signature** **Inmate MDOC#** **Medical Personnel Printed Name & Initials** **Date of Service**

**UPON COMPLETION of SECTIONS 1, 2, & 3: DISTRIBUTE AS FOLLOWS:**

White - Medical Records; Green-Inmate

Rev. 10/8/15



*Exhibit 7*

**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
**PELICIA HALL**
**COMMISSIONER**

Earnest Lee, Superintendent                                    Post Office Box 1057
Mississippi State Penitentiary                          Parchman, Mississippi 38738
                                                                        (662)745-6611

May 17, 2017

Inmate Andrew Cruse, Jr., #64876
Unit 29-F

RE:     Your Request For Administrative Remedy

Your most recent Request for Administrative Remedy which concerns seeing a bone doctor/extreme pain, has been received; however, it is noted that you have a previously accepted ARP or ARPs which is/are presently under review. Your most recent request for Administrative Remedy is being set aside for handling in due course. If you wish to have your request handled now through the Administrative Remedy Program, you may withdraw (in writing) all pending ARPs.

Sincerely,

R. Pennington

Richard Pennington, Director
Administrative Remedy Program

RP/jma

Pc:     File

723 NORTH PRESIDENT STREET · JACKSON, MISSISSIPPI 39202
PHONE: (601)359-5600 · FAX: (601)359-5624

Exhibit 8

Handwritten Copy
to CASEMANAGER ORR
UNIT 30-A
Pachman, Ms. 38738

# INMATE REQUEST FORM

## FOR

## CASE MANAGER SERVICES

**INMATE NAME** _Andrew Cruse_

**MDOC #** _64876_

**DATE:** _Aug. 11, 2017_

**FACILITY** _M.S.P._

**UNIT** _30-A B-Zone Bed 140_

**WORK SUPERVISOR NAME** _____

**UNIT SECURITY SIGNATURE** _____

**CASE MANAGER REQUESTED** _Any (Orr)_

**PURPOSE OF REQUEST** _Im not in program And Am Medical Class 4 NEED transFere to C.M.C.F. As soon As possible to much Bull going on in this Building Don't FEEL SAFE._

**RECEIVED BY DATE:** _____

**RECEIVED BY (CASE MANAGER)** _____

*Exhibit 9*

# PRISON RAPE ELIMINATION ACT OF 2003

<u>Prison Rape Elimination Act of 2003--</u>The federal law establishing a zero tolerance approach to prison rape which makes identification, prosecution and elimination of prison rape a top priority of state correctional agencies across the nation.

It is the policy of the Mississippi Department of Corrections (MDOC) to maintain a safe and secure environment for all offenders and to maintain zero tolerance for prison rape and other forms of sexual assault in all MDOC facilities.

**If an offender is being pressured by another offender for money, property, or sexual favors, the offender should immediately contact the Unit Case Manager, Unit Administrator, or any staff member with whom they feel comfortable.**

<u>Sexual misconduct can be defined as:</u>

- Requests for sexual favors by another offender or staff member, agent or volunteers of the corrections department.
- Any sexual advance by another offender, staff member, agent or volunteer of the correction department and/or
- Verbal or physical conduct of a sexual nature in prison toward a prisoner by another prisoner, staff member, agent or volunteer of a correction department.

<u>Examples of Sexual Misconduct are:</u>

- A prison guard walks in on you while you are changing your clothes and tells you that you are "what he likes."
- The food service contract employee tells you he can get you cigarettes if you "flash" him.
- You fall in love with a staff member and agree to get married as soon as you are released. You begin a sexual relationship with her while in prison.
- The chaplain comforts you when you receive bad news from home. She keeps asking you to come by and see her even when nothing is wrong. She begins to write you letters telling you how much she loves you.
- You were an exotic dancer before being incarcerated. Three officers on the midnight shift pay you to dance for them.
- A correctional officer locks you in a storage room and rapes you.

<u>Sexual misconduct does not have to be sex, it can include:</u>

- Touching
- Kissing
- Inappropriate body or cavity searches not justified by a legitimate institution security need
- Inappropriate comments about your personal appearance
- Language of a sexual nature
- Another offender or staff member showing you his or her body or requiring you to show your body to him or her

## Rape and Sexual Assault

If you have been raped or sexually assaulted, you must get medical attention immediately. You should request to be taken to a hospital where a "rape-kit" can be performed. During a rape-kit examination, the doctor performs an examination and takes samples of hair, semen and other fluids which the perpetrator may have left on your body during the assault. These samples often provide crucial evidence in proving a sexual assault occurred and in identifying the perpetrator. That is why it is especially important that you have a rape kit in a hospital, where the medical staff is accustomed to performing it.

Although it may be difficult, it is important that you do not shower after the assault. Showering may wash off the hair, semen and other evidence. Also, bring the clothes and underwear that you had on at the time of the assault to the hospital with you along with any other items that may have come into contact with the perpetrator's bodily fluids—blood, semen or saliva. This includes any towels the perpetrator may have used to wipe himself, herself or you, and condoms if they were worn during the assault. The doctors may be able to take hair and semen samples from all of these items. Technology is such that even small traces of blood, semen, vaginal fluids or saliva can yield information that can identify the source of these fluids.

If you have been raped or sexually assaulted, you should always be tested for pregnancy, HIV and other sexually transmitted diseases. Even if you test negative for HIV you should request that you be re-tested six months later, since it may take that long for a test to detect the HIV antibodies in your blood.

## Sexually-Transmitted Diseases

A sexually-transmitted disease, if left untreated, can have very serious consequences. It can cause sterility or otherwise negatively affect your health. HIV infection, for which there is no cure, decrease the body's ability to fight infection and makes a person susceptible to a large number of illnesses. While there is no cure for HIV, there are new medical treatments that can greatly increase both the quality and length of the lives of those infected with the proper medical care can, in some cases, cure a sexually-transmitted disease. If no cure is available, it can often reduce the effects of the disease. Therefore, it is very important to get medical care as soon as possible.

## Counseling

If you have been subject to sexual misconduct, you may want to seek professional counseling or mental health advice whether or not you decide to seek medical help for injuries resulting from the conduct. Many prisons offer mental health services for victims of sexual abuse, and some offer counseling sessions. There are also community-based counseling services such as local rape crisis centers. If you cannot obtain mental health services, talk about your experiences with a trusted friend, relative or spiritual advisor. Talking with someone helps you explore your feelings about the incident and is an important step in gaining control over your life.

*Exhibit 10(a)*



**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
**PELICIA HALL**
**COMMISSIONER**

**Marshal Turner, Interim Superintendent**
**Mississippi State Penitentiary**

**Post Office Box 1057**
**Parchman, Mississippi 38738**
**(662)745-6611**

September 26, 2017

Inmate: ANDREW CRUSE #64876
Unit:   30A

RE:    Your Request For Administrative Remedy

Your most recent Request for Administrative Remedy which concerns a request to move from unit 30, has been received; however, it is noted that you have a previously accepted ARP or ARPs which is/are presently under review. Your most recent request for Administrative Remedy is being set aside for handling in due course. If you wish to have your request handled now through the Administrative Remedy Program, you may withdraw (in writing) all pending ARPs.

Sincerely,


Richard Pennington, Director
Administrative Remedy Program

RP/DMM

Pc:    File

To: Mr. Ricard Pennington - Director
Administrative Remedy Program
P.O. Box 1057
Parchman, Ms. 38738

Sept. 27, 2017

RE: A.R.P. which concerns moving from Unit 30

Mr. Pennington,

I do not wish to drop any A.R.P's For your department takes all the time it can to prolong the Answer to an A.R.P. I would show you the Fact I Have showed that I Have been Placed in danger and you Failing to directly see this A.R.P. puts you in a position you will Have to explain to the Courts when My liFe Has been placed in direct Harms way and I Have Had direct threats on My life by Prisoners and M.S.P. staFF Members. I Have even written to the Commissioner and deputy Commissioner as well as the Attorney General oF Ms. about the need For Me to be moved From the Ms. State Penitentary at Parchman, Ms. For M.D.O.C. staFF Have Had my liFe Placed in Danger oF Being Beat to Death by Gang Member's Here at Unit 30 as a whole.

Respectfully Yours,
Andrew C. Cruse Jr

Andrew C. Cruse Jr. #64876
Unit 30-A B-Zone Bed 140
Parchman, Ms. 38738

*Exhibit (11)*



**U.S. Department of Justice**

Civil Rights Division

168-40-0/611482

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

August 29, 2017

Andrew Cruse
#64876 Unit 29-F B-Zone Bed 65
Mississippi State Penitentiary
590 Parchman 40 Road
Parchman, MS 38738

Dear Mr. Cruse:

Thank you for your letter. The Special Litigation Section relies on information from community members to identify civil rights violations. Each week, we receive hundreds of reports of potential violations. We collect and analyze this information to help us select cases, and we may also use this information as evidence in an existing case. We will review your letter to decide whether it is necessary to contact you for additional information. We do not have the resources to follow-up on every letter.

The Special Litigation Section is one of several Sections in the Civil Rights Division. We work to protect civil rights in four areas: 1) the rights of people in state or local institutions, including: jails, prisons, juvenile detention facilities, and health care facilities for persons with disabilities (including whether persons in health care facilities should be getting services in the community instead); 2) the rights of people who interact with state or local police or sheriffs' departments; 3) the rights of people to have safe access to reproductive health care clinics or religious institutions; and 4) the rights of people to practice their religion in state and local institutions. We are not authorized to address issues with federal facilities or federal officials.

If your concern is not within this Section's area of work, you may wish to consult the Civil Rights Division web page to find the correct section: www.justice.gov/crt.

The Special Litigation Section only handles cases that arise from widespread problems that affect groups of people. We do not assist with individual problems. We cannot help you recover damages or any personal relief. We cannot assist in criminal cases, including wrongful convictions, appeals or sentencing.

If you have an individual problem or seek compensation or some other form of personal relief, you may wish to consult a private attorney or a non-profit or legal aid organization for assistance.  There are only two areas in which we can assist an individual or address a single incident:  1) we may be able to assist you if you are being prevented from practicing your religion in a prison, jail, mental hospital or other facility operated by or for a state or local government; 2) we may be able to assist you if you have experienced force or the threat of force when accessing a reproductive health care facility or religious institution.

For more information about the Special Litigation Section or the work we do, please visit our web page: www.justice.gov/crt/about/spl/.

Sincerely,

/s/

Steven H. Rosenbaum
Section Chief
Special Litigation Section

Received Sept. 12, 2017
Unit 30-A Parchman

TO: ARAMARK Food SERVICES                    Sept. 26, 2017
    DiRECTOR - UNIT 29 KitcheN
    P.O. Box 10
    PARCHMAN, Ms. 38738


RE: UNSANITARY CoNditioNs oF UNit 30 KitcheN, ANd
    DENiAL oF MEdicAl Diet

    To Whom this mAy CoNCERN,
        It is A FAct thAt SEWAGE is BAckiNG Up iN
    the FREEZER/CoolER ANd otheR AREA's oF the
    UNit 30 KitcheN. It is my UNdERstANdiNG the
    HEAlth Dept. Closed it FoR REPAiRs ANd REModlEiNG
    but it is iNhumAN to KEEP Milk ANd otheR Food
    PRoducts iN UNsANitARy CoNditioNs KNowiNG these
    FActs ANd No ONE AddREssiNG this VERy SERious
    HEAlth IssuE. YouR stAFF MEmbERs Act with delibERAte
    iNdiFFERENCE to AN UNREAsoNAblE Risk oF SERious hARM
    ANd depRiviNG mE oF A bAsic humAN NEEd. I HAve
    beEN PlAced oN A speciAl CARdic Diet with AllERgy's
    to OAtmEAt, BoloNA, SAlimA, ANd Hot Dogs ANd I
    Am FoRced to go HuNgRy FoR EAtiNg these items
    mAKE mE medicAlly Sick. MANy MoRNiNgs the tRAys
    HAve OAtmEAl, BoloNA, BREAd ANd Jelly with HAlF
    CooKEd PotAtoEs I cAN oNly EAt the Biscuit oR/BREAd
    ANd Jelly FoR I HAve No teeth to ~~swollow~~ CHEW my
    Food up ANd HAve to SwollAw most oF It WholE
    FoR I HAve VERy sERious MEdicAl StomAch

(1)

Problems and can not Properly digest my Food like other Prisoners. My Medical Diet Has been Ordered 3 differant times by Nurse Goldin and again the First of last week By Dr. J. Santo's and youre Employee's still Refuse to Prepare and send my Medical Diet tray. One of Your Employee's told me that <u>No Diet Trays</u> at all are sent to Unit 30 From the Unit 29 Kitchen, But yet your staff can steal Food items and in Return let Kitchen Inmate workers steal, carry away, and sell all Food Items to Prisoner's at Unit 29 and Unit 30 (all Buildings.) Prisons are required to serve Food that is Nutritious and prepared under clean conditions. See Robles V. Coughlin, 725 F. 2d 12 (2d Cir 1983). denial of Medical Diets For over 3½ weeks can be a deprivation of a life Necessity, Violating the Eight Amendment. See Foster v. Runnels, 554 F. 3d 807 (9th Cir. 2009). Prisons must provide a special diet For prisoners whose health requires it. Your company was Hired For this purpose. This is my 5th Greivence

Respectfully Yours,
Andrew C. Cruse Jr. #64876
M.S.P. Unit 30-A
B-Zone Bed 140
Parchman, Ms. 38738

(2)

*Exhibit 15*

TO: Superintendant                    JUNE 7, 2017
M.S.P.
Parchman, Ms. 38738

RE: Un Constitutional Housing of me being
A Medical Class 3 Prisoner

To Whom this Concerns,
    I was originally Classified to be Housed at Unit
720 at C.M.C.F. And on Wensday April 26, 2017 I was
transferred to the M.S.P. at Parchman And sent to
Unit 29-E Building and the Next Wensday, May 3, 2017
I was transferred to Unit 29-F Building. I suffer
From Chronic C.O.P.D., Conjestive Heart Failure, Ashma,
High Blood Pressure And (2) two Free world Doctors
Have given me Care For a Bone Joint Desease that
makes me require a Full Hip Replacement of my
left Hip. I am Housed in a Facility that Has No
Handycap Assessable showers that infact Have
leaking Roofs and Black Mold that Have been in
them For years And Im Housed in a Facility
that denies me my breathing treatment I am
in Need of and Have Had dayily For years, Even
In the Co. Jail beFore my transFer From the
Jail to Prison. My inhaler was changed Knowing that
it would Cause my Bone Joint Desease to Progress
As conFirmed by the ManuFactor oF Aluesco. The

(1)

Copied and Mailed

Hand Mail

Manufacture Sunovion Pharmaceuticals, Inc.; Marlborough Ma 01752 will confirm the use of this Product will infact increase My Bone Joint Desease and increases the risk of Bone strength, it causes joint Pain (arthralgia) as well as cause Acute Asthma Episodes and this is Medical Malpractice as sited in Jones V. United States, 91 F. 3d 623 (3d. Cir 1996) I can when a civil Action as sited in Dunne V. U.S., 989 F.2d 502 (7th Cir. 1993). I Have a right inwhich the eight Amend. Forbids "cruel and unusual Punishment, as well as unsanitary, dangerous and overly restricted conditions as well as my right to proper Medical Care In Prison. It is a well Known Fact By Mississippi Department of Corrections Staff that all Prisoner's Housed at Unit 29 (all Buildings); are infact Housing me and other Prisoners In Condemed Building that do not pass Health are Fire Codes and are infact Hazardous to my Health as well as the Health of other Prisoners. I request to be transferred Back to C.M.C.F. Unit 720 where I can infact receive Proper Medical Care and be Housed in a Building that Passes state Fire and Health Codes.

Respectfully Yours,

Andrew C Cruse Jr

Andrew C Cruse Jr. #64876

M.S.P. Unit 29-F

B-Zone Bed 65

Parchman, Ms. 38738

(2)

Exhibit 14

TO: U.S. Dept. of Justice, Civil Rights Division
Special litigation Section
950 Pennsylvania Ave.; N.W.
Washington, D.C. 20530          June 9, 2017


RE: Condemed, Unsanitary Building with Fire and Health
Violations that Indanger the life's of the Prisoner's
at the Mississippi State Penitentiary Unit 29 All
Building at Parchman, Ms. 38738


To Whom this Concerns,

I am a Medical Prisoner in Medical Class 3 and
I am Housed in an Unconstitutional Manner and this Present
rights is being addressed threw the Bill of Rights
Amendment 1 my right to petition the Gouvernment For a
redress of grievances denied to be Addressed by the
Mississippi Dept. of Corrections; And my Amend. #IX to
the enumeration in the Constitution, of Certain Right, shall
not be construed to deny or disparage others retained by
the People. Also I Have an Eight Amend. Right in which
Forbids "cruel and Unusual punishment as well as Unsanitary
dangerous or overly restrictive conditions. And the
Employee's of the Mississippi Dept. of Corrections are
maliciously and sadistically causing me bodily Harm.
The Employee's at the Mississippi Dept. of Corrections act
despite noting the seriously inappropriate behavior of
covering up Criminal Acts on a dayily basis at the
Mississippi State Penitentiary at Parchman, Ms. .

(1)

Prison Officals acted with deliberate indifference to a prison Condition that exposed me to an unreason-able risk of serious harm and deprived me of a basic and Constitutional need. The Conditions at Unit 29 are so harsh they violate the Constitution and noone does anything to correct them. I am entitled to sanitary toilet Facilities as cited in DeSpain V. Uphoff, 264 F.3d 965 (10th Cir. 2001). The Black mold and leaking Roof in the Building (29-F) Housed in violate my Rights as cited in Talal V. White, 403 F.3d 423 (6th Cir. 2005), and Alvarado V. Litscher, 267 F.3d 648 (7th Cir. 2001).

   The conditions are so obvious and M.D.O.C. Officals are purposefully Ignoring it and the problems in this complaint have been Brought to their Attention; Even (Female) Warden Cox at Unit 29 here at Parchman, Ms.. Also the Eight Amendment says Prison Officals must provide me with Medical Care and not act with deliberate Indifference to a serious medical need inwhich they are doing to me here at Unit 29-F. Failure to treat my medical Condition could result in Further significant injury, and is inflicting me with unnecessary and wanton infliction of pain. See Estelle 429 U.S. at 104, and Jett V. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). I Infact Have Chronic conditions that are serious medical needs and deserve medical Attention and care. See Brock V. Wright, 315 F.3d 158 (2d Cir. 2003). It is also obvious Even to a layperson that I am in need of hospitalization For my critical medical care and need. See McRaven V. Sanders, 577 F.3d 974 (8th Cir. 2009).

They Refuse me Legal (I.L.A.P.) Services to Keep me From Filing legal documents to the courts And privledged legal Agency's such As F.B.I. And Civil Rights groups inwhich is my 6th Amend. Right. SEE Benjamin v. Kerik, 102 F. Supp. 2d 157 (S.D.N.Y. 2000); And Also SEE Lewis v. Casey, 518 U.S. 343 (1996). I will now go into my medical Conditions, Inwhich I HAVE Chronic C.O.P.D, Congestive Heart Failure, High Blood Pressure, Ashma, And Bone Joint Desease that Cause's my bone to Eat Away At the joint And (2) two Medical Specialist C.N.P. Mary Beth Semms, And Joel Tucker, M.D. Both say I NEED A Full Hip Replacement of my left Hip And both ARE From GulFPort, Ms. And Dr. Joel tucker treated me For (1) ONE year before I was sent to prison. Now I will discribe my living Conditions At Unit 29-F Building. Fiest I Am Housed in A Building that has NAKed wire's sticking out of the walls And Bathrooms. The shower has slick Floors And No Handycap BAR in the shower. Their ARE 2 working toliets out of 4 For 80 plus prisoners to use, 3 torn-up sinks on Each Tier. 2 out of 4 Virnals work. Their is AN UNCAPPED stopped up SEWER Pipe in the Day room Floor. The Roof's in All Buildings At Unit 29 leak very Badly when It rains And I HAVE to cross the Dayroom Floor Full oF Water taking a Chance of slipping And damaging my hip to where I could injury myself And NEVER walk Again. Their is A WATER Fountain But it don't work And I was made to drink NAsty, smelly, Brown water And I Quit drinking it After I gained 10 pounds of Fluid on my Body And

the weight gain (Fluid Build up) is documented in My
Prison Medical Records. M.D.O.C. and Healty Dept.
Officals Have Known about the water condition
For years and M.D.O.C. officials replaced the
outer Building water supplies to the Buildings
Knowing that All prisoners were infact drinking
water that effected alot of Prisoners Kidney's
and it was cover-up by prison officials Knowingly.
The Food I am served is prepared inpart in an
unsanitary Prison Gym and Cookies and Bread are
placed on all trays by prisoners that are Forced
to use unsanitary Bench's that prisoner's set on dirty,
sweaty, and Hang their Laundry on to dry. The
Prison Inmate legal Assistence Program worker Kathryn
Mc Intyre deny's me access to the Courts and legal Assistance
For I am Indigent and Unit 29 E-F Building Entry Records
show it to be Fact she deny's me and other Prisoners Legal
Services and Her Boss Gia N. McLeod covers up her wrong
doing even with Employeed M.D.O.C. staff as witnesses
to the denial of access to the courts. I request your Help
and a Full Federal Investigation into the matter. Many
Medical Prisoner's are Housed here with me in the very same
unconstitutional Conditions.

Respectfully Submitted,
Andrew C. Cruse Jr. #64876
M.S.P. Unit 29-F
B-Zone Bed 65
Parchman, Ms. 38738

(4)

Exhibit 15

To: Warden Morris         June 19, 2017

M.S.P. - Administration

Parchman, Ms. 38738

RE: Transferr and Needed Medical Care

Warden Morris,

     I have requested to be transferred back to C.M.C.F. at Pearl Ms. where I can behoused in a sanitary Building and Receive Proper Medical Care. Warden Morris I have FreeWorld Specialist that have treeated and Monitered My Medical Care For Over a (2) two Year Period and Because of My Sickness'es I was perposely sent to parchman where I will die From being Housed in a Condemned Unit with Black Mold and dirty Unsanitary Water the M.D.O.C. Administrative Officials are well Aumare of and Have KnownFor over a (1)one yeare period and has done nothing to Correct. First of All I have 3 Natural life sentence's and am on Appeal and Not getting the Medical Care my sickness'es demand For My Care. First Unit 29 as a whole you Know Has Had Black Mold in all the Buildings and Documents as Far Back as 1988 when I was personally Housed at Unit 29-F and over 20 years later the Roofs still leak and are Full of Black Mold and All Warden's as well as the Commissioners Office Knows Unit 29 was Never designed

(1)

to house Medical Class 3 and 4 prisoners and was designed to be a work force camp to employee prisoners to the field and certainly not to house Medical Prisoners with Physical Disability. The Dept of Corrections provides Medical Care through Centurion of Mississippi in which say they only have one Qualified doctor to treat me for my Bone Joint Disease and that is Dr. Kupper that I have never meet. A Nurse gave me my supposed shot in the top of my left hip and did not even Know where the shot was supposed to go. The appropriate Medical staff here at Parchman never see's you and the Nurses are overworked, and are not Qualified in the treatment of my Bone Joint Disease that I have. I also have Chronic C.O.P.D and Congestive Heart Failure and should not be housed at all in a building that's not Handicap Accessible. The Nurse did not give me the proper shot for the pain shot was given in the top of the left hip and not even at the Diseased area. It made me run a fever for 3 days and disrupted my sleep as well as added to the pain level I am asking your help in resolving this issue without having to take this matter before the U.S District Court. Warden Moore's I have a liberty interest in this for the prisons actions interfere with my constitutional protected rights and they result in conditions of confinement that are much worse than is Normal for prisoners.

Not only does this violate the conditions of my Medical Care My being housed at M.S.P at Parchman.

(2)

violates my right to Freedom of Association under the First Amend. For it is Known Fact my Family and Children live in Harrison and Jackson Co Ms. and cannot travel to Parchman to see me. And my right to be Free From cruel and unusual punishment under the Eight Amend and my right to substantive due process under the Fifth and Fourteenth Amend.'s and all are governed by the same legal standard, developed in a case called Turner v. Safley, 482 U.S. 78 (1987) and what the Federal Courts now call the Turner Test. And this also makes my case a Hardship case For NO M.S.P. Unit, Hospital Unit, etc. Do a Full hip Replacement at their Unit's and C.M.C.F. is where I was First Classified to go to. Green Co. as well as East Meridan are also closer to Home and all 3 Institutions House Medical Class prisoners in Unit Housing that is Not Full of Black Mold and Contaminated Water. The court also decided the Turner rule wasn't reasonably related to the prison's interest in punishment and cleanliness, a problem under Turner Question 1. Spellman v. Hopper, 95 F.Supp. 2d 1267 (M.D. Al. 1999). I do Have a liberty interest For I was transferred and Housed at a Prison Facility where conditions are way harsher than most Prisons. See Wilkinson v. Austin, 545 U.S. 209 (2005) also see my procedural protections as in Vitek v. Jones, 445 U.S. 480 (1980).

I am denied entirely in getting my Daily Breathing treatments that I got Daily For over

(3)

5 Calendar years and I am told I can not Receive them at the M.S.P. at Parchman For this Form of My dayily Medical Chronic Care is inFact denied to me All togeather. I would Appreciate your Help and Assistance in this matter For iF I cant be transFerred to C.M.C.F, I would Request Green Co, are East Meridian to be closer to my Family And Receive proper Medical Care.

Respectfully Yours,

Andrew C. Cruse, Jr.

#64876    M.S.P.

Unit 29-F B-Zone Bed 65

Parchman, Ms. 38738

(4)

5 Calendar years and I am told I cannot receive them at the M.S.P. at Parchman for this form of my dayily Medical Chronic Care is infact denied to me all togeather. I would Appreciate youre Help and Assistance in this matter for if I can't be transferred to C.M.C.F; I would request Green Co. are East Meridian to be Closer to my family and receive Proper Medical Care.

Respectfully Yours,
#64876    Andrew E. Cruise, Jr.
    M.S.P.
Unit 29-F B-Zone Bed 65
Parchman, Ms. 38738

4

**OFFENDER LOG:CRUSE, ANDREW C, JRInmate ID:64876**
Printed:10/03/2017 11:01By:HOPSON, LAURA D.
For the period from:10/01/2017 10:59to10/03/2017 11:01
Log Type:LEGAL

<u>10/03/2017 07:54 - HOPSON, LAURA D. - LEGAL</u>

   ARP LTR 10-3-17

----------------------------------------------------------------------------------------------------------------------------------

<u>10/03/2017 10:59 - HOPSON, LAURA D. - LEGAL  (10/03/2017 11:01)</u>

   Your legal mail is being returned to you.  This mail is considered privilege mail.  Privilege mail requires money to be available in your inmate account at the time mail services are rendered or you must provide your own postage. 10-3-17

----------------------------------------------------------------------------------------------------------------------------------


End of Log Entries



RECEIVED

MISSISSIPPI STATE PENITENTIARY
INMATE LEGAL ASSISTANCE PROGRAM
INMATE LEGAL OFFICE BOX 10
PARCHMAN, MS 38738

LEGAL MAIL
MISSISSIPPI STATE PENITENTIARY
PARCHMAN, MS 38738

Pro Se Law Clerk
U.S. District Court
301 W. Commerce St #13
Aberdeen, Ms 39730

