# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ANDREW CLINTON CRUSE**                                                                    **PLAINTIFF**

**v.**                                    **No. 4:17CV162-DAS**

**MS DEPT. OF CORRECTIONS, ET AL.**                                 **DEFENDANTS**

## ORDER REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS FOR ACCUMULATING THREE "STRIKES" – AND REQUIRING PAYMENT OF THE FULL FILING FEE WITHIN 21 DAYS OF THE DATE OF THIS ORDER

This matter comes before the court on the motion by the defendants for the court to revoke the plaintiff's *in forma pauperis* status because he has violated the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(g). The *pro se* prisoner plaintiff, an inmate in the custody of the Mississippi Department of Corrections, has submitted a complaint challenging the conditions of his confinement under 42 U.S.C. § 1983.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff has accumulated "strikes" under 28 U.S.C. § 1915(g) in the following cases: *Cruse v. Brisolara,* 1:15-cv-172-RHW (S.D. Miss. Sept. 16, 2016), appeal dismissed No. 1-16-60649 (5th Cir. Dec. 8, 2016)(dismissed for failure to state a claim); *Cruse v. Pope*, 1:97-cv-501-WJG (S.D. Miss. Mar. 31, 1999) (dismissing for failure to state a claim upon which relief could be granted); and *Cruse v. Lowe's Home Centers, Inc*., 1:98-cv-128-DCB (S.D. Miss. Apr. 16, 1998) (dismissing for failure to state a claim upon which relief could be granted).

Mr. Cruse argues that he may nonetheless proceed as a pauper because he is "in imminent danger of serious physical injury" under 28 U.S.C. § 1915(g). If a defendant contests a plaintiff's claims of imminent danger, the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing. *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010). The court held a *Spears* hearing on June 7, 2018. [24]. A nexus must exist between the imminent danger the plaintiff alleges to obtain pauper status and the legal claims asserted in the complaint. *Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009). Section 1915(g) requires that the inmate's complaint seek to redress an *imminent danger of serious physical injury* – and that this danger must be fairly traceable to a constitutional violation alleged in the complaint. *Id.* (emphasis added). "[F]requent filers" like Cruse "sometimes allege that they are in imminent danger so they can avoid paying a filing fee." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). However, "a past injury that has not recurred" does not satisfy the "imminent danger" exception to the three-strikes rule. *Id*. "[A] prisoner must allege a *present* imminent danger, as opposed to a past danger, to proceed under [the exception]." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) (emphasis added). "[T]he requisite imminent danger of serious physical injury must exist *at the time the complaint ... is filed*, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

Mr. Cruse states that his prostate surgery of June 28, 2019, and the presence of black mold in his housing unit meets the imminent danger criteria of § 1915(g). In addition, Mr. Cruse alleges that he is white and was housed with many black gang members, and that sometimes inmates participate in a "fight night." Doc. 27 at 7. He testified, however, that – at the time of the *Spears* hearing – he had never been beaten, attacked, or compelled to participate in any "fight night," and otherwise has suffered no injury relating to his allegations. *Id*. He further alleges that in 2018 officials had to

remove a small poisonous snake from his housing unit and that the conditions there had become unsanitary. None of these examples rises to the level of imminent danger of serious physical injury at the time the complaint was filed on November 14, 2017. Most occurred after the complaint was filed, and the rest are not serious enough to constitute imminent danger of serious physical injury.

The plaintiff has therefore accumulated at least three "strikes" and has thus abused his *in forma pauperis* privileges. As such, the defendants' motion for judgment on the pleadings is **GRANTED**, and those privileges are **REVOKED.**

As such, it is **ORDERED** that the plaintiff must pay the filing fee within 21 days of the date of this order. If the plaintiff fails to pay the filing fee within 21 days, then the Clerk of the Court is **DIRECTED** to dismiss this case without further action by the court – and terminate any motions pending in the case at that time. As this case has progressed significantly, the plaintiff's current motions to amend his pleadings are **DENIED**.

**SO ORDERED**, this, the 6th day of February, 2020.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE