IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANDREW CLINTON CRUSE**                                                                            **PLAINTIFF**

v.                                                                                                                                                 No. 4:17CV162-DAS

**MS DEPT. OF CORRECTIONS, ET AL.**                                          **DEFENDANTS**

**ORDER *GRANTING* PLAINTIFF'S MOTIONS [128], [129]
FOR RELIEF FROM JUDGMENT OR ORDER;
*CASE*; THE *DEADLINE* FOR THE PLAINTIFF TO RESPOND TO THE
COURT'S ORDER [105] REQUIRING PAYMENT OF THE FULL
FILING FEE IS *21 DAYS FROM THE DATE OF THIS ORDER*.**

This matter comes before the court on the plaintiff's motions [128], [129] for reconsideration of the court's final judgment [106] dismissing this case under the "three strikes" provision of the Prison Litigation Reform Act.[1] *See* 28 U.S.C. § 1915(g). The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion for relief from a judgment or order under FED. R. CIV. P. 60. An order granting relief under Rule 60 must be based upon: (1) clerical mistakes, (2) mistake, inadvertence, surprise, or excusable neglect, (3) newly discovered evidence, (4) fraud or other misconduct of an adverse party, (5) a void judgment, or (6) any other reason justifying relief from the operation of the order. *Id.*

In this case, the plaintiff argues that he never received notice of the court's order [105] revoking his *in forma pauperis* status and requiring payment of the full filing fee within 21 days – nor the order [106] of dismissal for failing to pay the fee in accordance with the court's order. Thus, he argues that he did not have notice of the possible dismissal of his case – or the

---

[1] The plaintiff's requests in these motions were obscured by many complaints about the conditions of his confinement, thus leading to a delay in reaching a decision on the motions.

opportunity to prevent the dismissal by paying the full filing fee. Supporting the plaintiff's argument is the fact that he did not return the acknowledgment form for either of these orders. Further, soon after the court's order of dismissal issued, the court received mail returned from the plaintiff's last known address. Thus, it appears that the plaintiff never received the court's orders leading to the dismissal of this case.

For these reasons, the plaintiff's requests [128], [129] for reconsideration under Fed. R. Civ. P. 60(b) are **GRANTED**. This case is **REINSTATED**, *and the new deadline for the plaintiff to pay the full filing fee in this case is 21 days from the date of this Order.* **Failure to pay the fee by the deadline will lead to the dismissal of this case.**

**SO ORDERED**, this, the 17th day of May, 2021.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE