# United States Court of Appeals
# for the Fifth Circuit

No. 21-60193
and
No. 21-60219

IN RE: ANDREW CLINTON CRUSE, JR.,

*Petitioner.*

A True Copy
Certified order issued Jun 10, 2021

Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

Petitions for Writ of Mandamus to the
United States District Court for the
Northern District of Mississippi
USDC No. 4:17-CV-162

Before DAVIS, SOUTHWICK, and HAYNES, *Circuit Judges.*

PER CURIAM:

    Andrew Clinton Cruse, Jr., Mississippi prisoner # 64876, has filed in this court two pro se petitions for a writ of mandamus, exhibits in support of his petitions, and motions requesting leave to file his mandamus petitions in forma pauperis (IFP) under the Prison Litigation Reform Act.[1] Because Cruse's petitions raise the same issues and pertain to the same case in the district court, we have CONSOLIDATED them sua sponte.

---

[1] The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). Because the underlying action in the present matter is a civil case, we must apply the PLRA fee requirements. *See* 28 U.S.C. § 1915(b).

No. 21-60193
and No. 21-60219

The 42 U.S.C. § 1983 civil rights action that is the subject of Cruse's mandamus petitions was date-stamped as filed on November 14, 2017. The district court initially granted Cruse leave to bring the proceeding IFP. However, it entered an order on February 6, 2020, revoking Cruse's IFP status and advising Cruse that his case would be dismissed unless he paid the filing fee within 21 days. *Cruse v. Miss. Dept. of Corrections, et al.,* No. 4:17-CV-162 (N.D. Miss. Feb. 6, 2020). Cruse failed to pay the filing fee. Accordingly, on March 3, 2020, the district court dismissed Cruse's case without prejudice and dismissed any pending motions as moot. *Cruse v. Miss. Dept. of Corrections, et al.,* No. 4:17-CV-162 (N.D. Miss. Mar. 3, 2020).

Although the court sent Cruse copies of both the February 6, 2020, and March 3, 2020, orders, they were returned as undeliverable. Cruse subsequently filed a motion for summary judgment, which the district court denied as moot because Cruse's case had been dismissed. In response, Cruse submitted several filings asserting that he had not received notice that his case had been dismissed and suggesting that the dismissal was a mistake. In those filings, obscured by complaints regarding his conditions of confinement, Cruse included requests for the court to reconsider the dismissal of his case and reopen his proceedings pursuant to Federal Rule of Civil Procedure 60 and what he styled a "Petition For A Writ of Error Coram Nobis." In his petition for a writ of mandamus, Cruse complains that district court has not responded to his requests for reconsideration and to reopen his case. He asks us to enter an order compelling the district court to act.

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A party seeking mandamus relief must show both that he has no other adequate means to obtain the requested relief and that he has a

No. 21-60193
and No. 21-60219

"clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted).

On May 17, 2021, the district court entered an order noting Cruse's assertion that he had not received notice of its order revoking his IFP status and requiring payment of the full filing fee within 21 days or of its order dismissing his case for failing to pay the fee. *Cruse v. Miss. Dept. of Corrections, et al.,* No. 4:17-CV-162 (N.D. Miss. May 17, 2021). The district court reinstated Cruse's case and granted him 21 days from the date of the May 17, 2021, order to pay the filing fee. *Id.* That order rendered moot Cruse's request for mandamus relief.

Cruse's petitions for a writ of mandamus are DISMISSED as moot. The motions to proceed IFP also are DENIED as moot.